UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　Plaintiff,<br><br>　　vs.<br><br>NEWMONT USA LIMITED AND DAWN MINING COMPANY, LLC,<br><br>　　Defendants. | NO. CV-05-020-JLQ |
| DAWN MINING COMPANY, LLC,<br><br>　　Third-party Plaintiff,<br><br>　　vs.<br><br>ORTENCIA FORD and DONNELLY VILLEGOS,<br><br>　　Third-party Defendants. | ORDER DENYING SPOKANE TRIBE OF INDIAN'S MOTION TO INTERVENE; DECLARING MOOT SPOKANE TRIBE'S MOTION TO DISMISS |

　　**BEFORE THE COURT** is the Spokane Tribe of Indian's Motion to Intervene for a Limited Purpose (Ct. Rec. 296). On September 14, 2007, the Court heard oral argument on the motion. Appearing on behalf of the Spokane Tribe of Indians ("the Tribe") were Shannon Work, Brian J. Cleary, and Scott Wheat. Appearing on behalf of the Government were Paul Gormley, Katherine Loyd, Michael McNulty, Michael

ORDER - 1

Zevenbergen, and Scott Jordan, appearing telephonically.. Appearing on behalf of Newmont USA Limited (hereinafter "Newmont") were Elizabeth H. Temkin, Nathan Longenecker, and Michael Thorp. Mark W. Schneider and Karen McGaffey appeared on behalf of Dawn Mining Company, LLC (hereinafter "Dawn"). The following order is intended to memorialize and supplement the Court's oral ruling.

Federal Rule of Civil Procedure ("Fed.R.Civ.P.") 24(a)(2), under which the Spokane Tribe moves to intervene, states that the intervening applicant must "claim[ ] an interest relating to the property or transaction which is the subject of the action" which may "as a practical matter impair or impeded the applicant's ability to protect hat interest, unless the applicant's interest is adequately represented by existing parties." Fed.R.Civ.P. 24(a)(2). The property or transaction which is the subject of this action are the EPA's expenditures related to response actions taken pursuant to CERCLA at the Midnite Mine Superfund Site, located within the Spokane Indian Reservation. The Court finds the Tribe has not demonstrated a sufficient interest in this proceeding to warrant intervention as of right under Fed.R.Civ.P 24(a)(2). The sole effect of this court's prior ruling is that the United States is an "owner" of the subject property as defined in CERCLA and cases interpreting that Act. The court's ruling on that issue is not binding on the Tribe in any manner as to the relationship of the Tribe and the United States or the interest of the Tribe in Reservation lands.

Despite the Court's denial of the Tribe's limited request to join in this action as a party, the Tribe may file a memorandum pointing out the specific language utilized in the Court's August 21, 2007 Order (Ct. Rec. 290) which the Tribe feels is either unnecessary to the Court's ruling or may otherwise impact the Tribe. Such memorandum shall be due within **FOURTEEN (14) DAYS** of this Order.

If such memorandum is filed, any response shall be filed within **TEN (10) days** thereof.

**ACCORDINGLY**, for the reasons set forth above:

1. The Spokane Tribe of Indian's Motion to Intervene for Limited Purpose (Ct.

Rec. 296) is **DENIED**.

2. The Spokane Tribe of Indians Motion to Dismiss for Lack of Jurisdiction or Alternatively, to Amend Judgment (Ct. Rec. 297) is **DENIED as MOOT**.

3. Within FOURTEEN (14) days of this Order the Tribe may elect to file and serve a memorandum as set forth in detail above. Any response thereto shall be filed within TEN (10) days of its service.

**IT IS SO ORDERED**. The Clerk is hereby directed to enter this Order and furnish copies to counsel, including those who appeared for the Spokane Tribe.

**DATED** this 19th day of September, 2007.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 3