UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　Plaintiff,<br><br>　vs.<br><br>NEWMONT USA LIMITED AND DAWN MINING COMPANY, LLC,<br><br>　　Defendants. | NO. CV-05-020-JLQ |
| DAWN MINING COMPANY, LLC,<br><br>　　Third-party Plaintiff,<br><br>　vs.<br><br>ORTENCIA FORD and DONNELLY VILLEGOS,<br><br>　　Third-party Defendants. | **ORDER ON PRETRIAL CONFERENCE HELD JUNE 20, 2008** |

　　On June 20, 2008 the court conducted a pretrial conference in the above entitled matter. Appearing on behalf of the United States were Paul Gormley, Michael Zevenbergen, Mark Nitzcynski, and David Askman. Appearing on behalf of Dawn Mining Company ("Dawn") were Mark Schneider and Karen McGaffey. Appearing on behalf of Newmont USA Limited ("Newmont") were Elizabeth Temkin, Nathan Longenecker, and Michael Thorp. The following order is intended to memorialize and supplement the oral rulings of the court.

ORDER - 1

**IT IS HEREBY ORDERED:**

1. The United States' Motion to Expedite **(Ct. Rec. 445)** the hearing on its Motion to Permit Additions to Trial Exhibit List is **GRANTED**. The United States Motion to Permit Additions to Trial Exhibit List **(Ct. Rec. 446)** is **GRANTED**, it being unopposed at the pretrial conference. Newmont objected to the Government's having marked excerpts from depositions as exhibits, arguing such action was unnecessary since the court has already ordered a method for submitting designated deposition testimony for trial. So long as the exhibit is part of the testimony designated as part of the court ordered process, Newmont's objection is overruled because this is a bench trial and the deponents entire designated deposition testimony will be available to the court. No undue emphasis will be placed upon the deposition exhibit.

2. Dawn's Motion to Expedite **(Ct. Rec. 456)** the hearing on Dawn's Motion for Voluntary Dismissal of Ortencia Ford is **GRANTED**. Dawn's Motion for Voluntary Dismissal of Ortencia Ford **(Ct. Rec. 454)** is **GRANTED**. Pursuant to this Order and the Notice of Voluntary Dismissal of Donnelly Villegos (Ct. Rec. 452), Dawn's claims against <u>Donnelly Villegos</u> and <u>Ortencia Ford</u> shall be **DISMISSED** without prejudice. Villegos and Ford shall be terminated as parties to this action and their names deleted from the title of any future pleadings.

3. Per agreement of the parties, no live testimony will be received on the issue of the recoverability of the disputed sampling response costs. Oral argument will be permitted.

4. On or before **FRIDAY**, June 27, 2008 the parties shall file the following:

    a. *Amended* Exhibit Lists and Objections. If possible, the nature of objections shall be contained within the Amended Exhibit Lists and should contain a space to mark whether the exhibit was refused or admitted. Amended Exhibit Lists shall also be emailed to chambers at: quackenbushorders@waed.uscourts.gov.

    b. *Amended* Agreed Proposed Pretrial Order. The parties shall include the agreed facts pertaining to the leasing history. The Amended Agreed Proposed Pretrial

ORDER - 2

Order shall also be emailed to chambers at quackenbushorders@waed.uscourts.gov.

      c. Joint Proposed Sequence of Witnesses/Evidence Presentation. This list is essential to avoid trial interruptions and to enable the court to review the relevant declaration direct testimony prior to hearing the cross-examination and redirect testimony of each live witness. In addition to listing the proposed sequence of live testimony, the list shall also identify at which point in the trial each party would intend to offer the deposition testimony of any witnesses who are not appearing at trial. The Proposed Sequence by trial day shall be stated. It would be helpful if counsel would also identify which of the following general issue(s) the witness's testimony will pertain to: Operator Liability; Divisibility; or Allocation.

   5. The USA shall submit to the court as soon as possible redacted copies of each entire exhibit which contains material which is subject to the Confidentiality Order.

   6. The Court's ruling on the parties objections to the admissibility of exhibits and witness testimony is **RESERVED** until time of trial, at which times the parties shall reassert their challenges to any evidentiary offering to which they object. Objections to exhibits, direct testimony declarations, and deposition designations will be heard at the time the evidence is offered for admission.

   7. Other Trial Procedures.

      a. Unless ordered otherwise, each witness will appear only once at trial.

      b. Each party will be allotted a reasonable time to make an Opening Statement.

      c. The nonjury trial shall commence at 9:30 a.m. on July 7, 2008, in Spokane, Washington.

      d. The court has previously indicated that each party would be allowed to introduce its expert, including *curriculum vitae* and give a brief summary of his or her proffer before cross examination begins. However, the court does <u>not</u> want this summary to be a reiteration of specifics already included in the declaration.

The Clerk is hereby directed to enter this Order and furnish copies to counsel.

**DATED** this 24th day of June, 2008.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 4